**In re MANUFACTURING LUMBERMEN'S UNDERWRITERS.**

**No. 14395.**

District Court, W. D. Missouri, W. D.
July 6, 1937.

John G. Madden, A. J. Granoff, and Daniel V. Howell, all of Kansas City, Mo., for Lutcher & Moore Cypress Lumber Co.; Dubach Miller Co. Inc.; B. M. Jackson and Pauline Sterne Wolff Memorial Home; Roberts & Oliver, partners; Peerless Furniture Mfg. Co.; A. B. Cook Co.; Malvern Lumber Co.; Breece-White Mfg. Co.; Guy M. Boyer and Ruth M. Boyer; and for petitioning creditors.

James P. Aylward, Terence M. O'Brien, and Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., for R. E. O'Malley, Superintendent of Insurance Department of State of Missouri.

. Howell & Jacobs and Scott R. Timmons, all of Kansas City, Mo., for attorney in fact for Manufacturing Lumbermen's Underwriters, Vincent B. Coates.

A. L. Quant, of Kansas City, Mo., for intervener Oscar H. Kopitsky.

Newbill & Brannock, of Kansas City, Mo., for H. C. Miller and C. M. Ozier, petitioning creditors, interveners.

REEVES, District Judge.

An involuntary petition in bankruptcy has been filed against the above named alleged entity. Previously, towit, on the first day of April, 1937, the Circuit Court of Jackson County, Missouri, in a proceeding entitled "R. E. O'Malley, Superintendent of the Insurance Department of the State of Missouri, Plaintiff, vs. Manufacturing Lumbermen's Underwriters, a reciprocal exchange, et al., defendants, number 450304", dissolved said corporation and vested the title to its assets in the Superintendent of the Insurance Department of the State of Missouri. It also appeared from the arguments of counsel and briefs, that a voluntary petition in bankruptcy had been filed in this court, and thereafter dismissed by order of court because the petitioner lacked power to maintain such proceeding.

Motion for dismissal in the present case involves primarily a consideration of the business status of the alleged bankrupt, as well as a correct interpretation or construction of certain sections of the bankruptcy laws. These will be considered in their order and such facts will be stated in the course of this opinion as may be deemed pertinent.

1. The alleged bankrupt has been engaged in the transaction of business within the state of Missouri (and probably elsewhere) under the provisions of Article 11, Chapter 37, R.S.Mo.1929, Mo.R.S.A. § 6078 et seq., relating to the general subject of Insurance, but specifically to the subject of "Inter-indemnity contracts—Reciprocal or Inter-insurance contracts." Such article is a code within itself and is regulatory of insurance carried on in the manner therein outlined.

Insurance contracts effected under said Article are executed by an attorney in fact designated as attorney. The office of such attorney is described as "an exchange" and may be maintained at such places as the subscribers may designate. Such subscribers are required to file with the superintendent of insurance "a declaration verified by the oath of such attorney setting forth", among other things, the name under which they propose to operate; the kind of insurance to be effected; the form of policy contracts, etc.; also applications or executed contracts for at least $1,500,-000 of insurance must be filed as a condition precedent to obtaining a license.

In addition to the foregoing, the superintendent of insurance must be authorized to accept service of legal process; certain reserves must be maintained and annual reports made.

The exchange is regularly licensed, for which a statutory fee is paid. Such exchanges are exempt to a degree from the general or aggregate insurance code of the state.

■ It would be idle to say that such organizations are not engaged extensively in the insurance business. In fact, this is not disputed, nor is it in controversy. Neither are they corporations in the ordinarily accepted sense, but they are admittedly unincorporated companies or associations engaged in the insurance business.

2. Section 22, Title 11 U.S.C.A., relating to the subject of Bankruptcy, and by paragraph a, thereof, specifically provides that: "Any person * * * shall be entitled to the benefits of this title as a voluntary bankrupt." This comprehensive provision of the bankruptcy law opens wide the doors of bankruptcy to all persons "except a municipal, railroad, insurance, or banking corporation or a building and loan association."

■ Such corporations or associations are not entitled to the benefits of the bankruptcy law even if they should seek such benefits. The reason for this exception may be found in the close supervision of such character of corporations exercised by the states. In many instances provisions are specifically made by the state law for the orderly liquidation of such corporations. Hence, the exception is against their rights to enjoy voluntary bankruptcy. Section 1 of the Bankruptcy Act, 11 U.S.C.A. § 1, carefully defines the meaning of words and phrases used in the act. It prescribes that " 'persons' shall include corporations, except where otherwise specified, and officers, partnerships, and women." This definition entitles all corporations to have the right to voluntary bankruptcy, save such as are specifically excepted from or forbidden by the Bankruptcy Act.

Said Section 1 also prescribes that: " 'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include limited or other partnership associations organized under laws making the capital

subscribed alone responsible for the debts of the association, *joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument.*" The italicized portion of the above definition is a recent enactment or amendment to the definition of "corporations."

Adverting to the first paragraph of said Section 22, therefore, it appears that any corporation or unincorporated company would be entitled to the benefit of the bankruptcy law unless it belongs to the excepted class.

The statute denies the benefits of voluntary bankruptcy, among others, to an insurance corporation. Applying the definition "corporation", the right to voluntary bankruptcy would be denied to an unincorporated insurance company. That the alleged bankrupt in this case is an unincorporated insurance company cannot be gainsaid or successfully contradicted. It would not, therefore, be entitled to proceed voluntarily to an adjudication in bankruptcy.

While counsel in their briefs have put emphasis upon the meaning of "corporations", as referring to "bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships", yet I do not share the narrow interpretation sought to be placed upon the general definition. Even accepting this close construction, the exchanges provided for under Article 11 of the Insurance Code have conferred upon them many powers and privileges not possessed or enjoyed by individuals or partnerships. Neither an individual nor a partnership could qualify so as to enjoy the benefits and privileges conferred by the statute. This is so obviously true as not to require further discussion.

The court was right in dismissing the voluntary petition in bankruptcy heretofore filed, even though the reason therefor may have been placed on other grounds.

3. Paragraph b of said Section 22 of the Bankruptcy Law refers to the right of creditors in proper number and amount to compel bankruptcy. Wage-earners and farmers are specifically exempted from involuntary bankruptcy proceedings. They belong to the class, however, that may have voluntary bankruptcy. This paragraph specifically excepts from involuntary bankruptcy the identical entities denied the right of voluntary bankruptcy, namely, "municipal, railroad, insurance, or banking corporation or a building and loan association."

Clearly, therefore, an insurance corporation cannot be adjudged an involuntary bankrupt. Again adverting to the statutory definition of "corporations", it is found that an unincorporated insurance company is included by inference. This must mean that an unincorporated insurance company cannot be adjudicated an involuntary bankrupt.

Learned counsel place considerable emphasis upon the words of the paragraph to the effect that "any unincorporated company, and any moneyed, business, or commercial corporation * * * owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt", etc.

An examination of the statute discloses that the words "any unincorporated company" have been a part of the statute for a long time. Under the construction heretofore made, therefore, an unincorporated company could be adjudicated in involuntary bankruptcy, but not entitled to voluntary adjudication. The statutes are not susceptible of that interpretation; the doors of bankruptcy are open to all persons save as specifically excepted. It must be inferred that the Congress had in mind the stumbling, hesitant, and confused attitude of the courts concerning unincorporated companies when it amended the statutory definition of "corporations" and thus endeavored to give the right of bankruptcy to unincorporated companies. It would be an inconsistent enactment to deny to an unincorporated company the right to voluntary bankruptcy and at the same time open the door to compulsory bankruptcy. Because of this apparent construction, the Congress amended its definition of "corporations". The confusion no doubt arose because of the use of the words "any unincorporated company" in the paragraph relating to involuntary adjudication. When the Congress enacted its amendment to extend the definition of corporations, these words became surplusage in the statutes. The definition urged by counsel does not do violence to the contexts, but, rather, harmonizes with the contexts.

Moreover, the first paragraph of said Section 22 comprehensively extends to all persons, natural or artificial, the voluntary right of bankruptcy. Exceptions are specifically set forth. The second para-

346

graph of said Section commonly designated as paragraph b rather explicitly sets out the rights of natural as well as artificial persons. In an effort to provide an exception in favor of wage-earners and farmers, it provided that involuntary proceedings might be instituted against all natural persons with the exceptions noted. Quite naturally, the legislators then specified the classes of artificial persons subject to involuntary bankruptcy. The two paragraphs are differently framed. The separation in the second paragraph is due doubtless to the desire of the Congress to make an exception in favor of wage-earners and farmers.

4. To construe the bankruptcy law so as to permit an involuntary adjudication of an unincorporated insurance company such as the one now before the court would be violative of the spirit as well as the letter of the Bankruptcy Act.

The alleged bankrupt in this case was engaged in a large way in the insurance business. It was licensed by the superintendent of insurance; it maintained reserves and made reports precisely as the incorporated companies engaged in the insurance business. While probably there was a limitation upon the supervision by the state, yet, nevertheless, there was supervision. If other insurance companies were exempt from the bankruptcy law, then why not a company of this character? The reason for the exemption is just as strong for it as for all other insurance companies.

A careful consideration of the statutes involved in the light of briefs and arguments furnished by able and learned counsel compels the conclusion that an involuntary proceeding in bankruptcy cannot be maintained and that the petition should be dismissed. It is so ordered.